813 F.2d 402
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
John William ROOK, Appellant,
v.
Nathan A. RICE, Warden, Central Prison, Raleigh, North
Carolina, Appellee.
 No. 86-4005.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 15, 1986.
Decided Sept. 16, 1986.
 
 Before HALL and PHILLIPS, Circuit Judges, and HAYNSWORTH, Senior Circuit Judge.
 John Charles Boger, David S. Rudolf on brief, for appellant.
 Richard N. League, Special Deputy Attorney General on brief for appellee.
 PER CURIAM:
 
 
 1
 John William Rook petitioned the district court for a writ of habeas corpus pursuant to 28 U.S.C. Sec. 2254 and for a stay of execution. The principal basis of Rook's petition was that the death penalty, as imposed upon him by the state of North Carolina, is unconstitutionally arbitrary because that punishment is statistically more likely to be imposed if the homicide victim is white. The district court concluded that the identical contention had been advanced and rejected in an earlier petition for habeas relief. The district court, therefore, dismissed Rook's present petition as successive pursuant to Habeas Corpus Rule 9(b), 28 U.S.C. foll. Sec. 2254.
 
 
 2
 The matter is now before this Court pursuant to Rook's appeal of the district court's order and his motion for a stay of execution. In his submissions to this Court, Rook concedes that his present contention regarding the alleged constitutional infirmity of the North Carolina death penalty was presented unsuccessfully in his earlier petition. He contends, however, this his successive petition is subject to an "ends of justice" exception recognized in Sanders v. United States, 373 U.S. 1 (1963), because new evidence which was not available at the time of his earlier petition provides substantial support for his position. We strongly disagree.
 
 
 3
 In Rook v. Rice, 783 F.2d 401 (4th Cir.1986), this Court affirmed the previous denial of habeas relief to Rook. In addressing his contention that defendants who murder whites are more likely to receive the death penalty than those who murder blacks, we held that Rook's proffered evidence on this issue was both "insufficiently accurate" and provided no evidence that his death sentence was the product of intentional discrimination.
 
 
 4
 The new evidence that Rook now seeks to offer consists of a study entitled the Arbitrariness of the Capital Death Penalty by Professors Nakell and Hardy of the University of North Carolina. Rook argues that this study resolves the inadequacies this Court noted in his earlier petition.
 
 
 5
 We fail to see that the Nakell and Hardy study justifies an "ends of justice" exception to the normal bar on successive habeas petitions. As Rook acknowledges, the standard for such an exception demands a showing that the initial evidentiary hearing was not "full and fair" and that the new evidence "bears on the constitutionality of the applicant's detention." Townsend v. Sain, 372 U.S. 293 (1963). Viewing it most favorably to Rook, the Nakell and Hardy study fails to meet that standard. The work examines the death penalty in North Carolina between 1977 and 1978. Even conceding that the study is statistically accurate in all respects, it does not address the time period in which Rook's punishment was assessed. Nor does the study provide any evidence that Rook's sentence was a result of intentional discrimination. We, therefore, can see no indication that Rook has been denied a full and fair opportunity to challenge the constitutionality of the North Carolina death penalty.
 
 
 6
 Accordingly, we affirm the district court's order denying habeas relief. We also deny Rook's motion for a stay of execution.
 
 
 7
 The Clerk is directed to issue the mandate forthwith.
 
 
 8
 AFFIRMED.